F. E. BOWMAN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24986.   Promulgated September 19, 1930.

*Mark D. Hawes,* for the petitioner.
*Arthur H. Murray, Esq.,* for the respondent.

ARUNDELL: In its petition seeking the redetermination of a deficiency of $367.55 in income tax for the year 1922, the petitioner, an Oregon corporation engaged in the business of building and selling houses since 1907, claims that error was committed in increasing its taxable income by the following items:

| | |
|---|---|
| Donations | $76.00 |
| Profit on sale of assets | 3,978.15 |
| Unallowable deductions | 37.50 |

From the testimony of the sole witness produced at the hearing it appears that in 1913 the petitioner constructed an apartment house at a cost of $16,787.93, which amount did not include any architect's fees or overhead charges. Had the petitioner employed an architect and a contractor to erect the building, the cost of constructing the building would have been $5,000 more. The petitioner sold the property in 1922 for $40,000.

In his determination of the deficiency in dispute the respondent increased the profit realized on the sale by $3,978.15, due, in part, to the reduction of the cost of the property by $3,646.70 for depreciation occurring on the property during the period of its ownership by petitioner.

No error was committed by the respondent in making an allowance for depreciation in his computation of the gain realized on the sale. *Even Realty Co.,* 1 B. T. A. 355; *United States* v. *Ludey,* 274 U. S. 295. No evidence having been offered to show the rate of 3 per cent per annum used by the respondent in computing the depreciation to be incorrect, or the commission of other errors in the computation, the respondent's determination of a profit of $3,978.15 on the sale is sustained.

No evidence was offered under the other alleged errors. Accordingly, we will not disturb the respondent's action in regard thereto.

*Decision will be entered for the respondent.*